IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
www.laeb.uscourts.gov

| | |
|---|---|
| In re:<br><br>Mr. Camper, LLC d/b/a Yogi Bear's Jellystone Park Camp Resort,<br><br>*Debtor*. | Case No. 19-11775<br><br>Chapter 11<br><br>Section "A" |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY MR. CAMPER, LLC DATED NOVEMBER 22, 2019, AS IMMATERIALLY MODIFIED ON MARCH 27 AND APRIL 6, 2020**

The Court held the hearing on confirmation of the *Plan of Reorganization Filed by Mr. Camper, LLC Dated November 22, 2019, as Immaterially Modified on March 27 and April 6, 2020* (the "Plan") (ECF No. 168) filed by Mr. Camper, LLC d/b/a Yogi Bear's Jellystone Park Camp Resort (the "Debtor") on May 27, 2020 at 3:00 p.m. Central Time. Appearing by telephone were:

1. Ryan J. Richmond and Markus E. Gerdes on behalf of the Debtor;

2. Amanda B. George on behalf of the Office of the United States Trustee, Region 5 (the "U.S. Trustee"); and

3. J. Patrick Gaffney on behalf of Apex Bank.

Maurice Leblanc, the Debtor's manager, was also present during the telephonic hearing. No other party-in-interest, including the U.S. Small Business Administration (the "S.B.A."), made an appearance.

During the confirmation hearing, Mr. Richmond argued on behalf of the Debtor in support of confirmation of the Plan. At the request of Mr. Richmond, the Court took judicial notice of the record of this case and admitted into evidence the Declaration in Support of Plan Confirmation of

Maurice Leblanc (ECF No. 177, Ex. "A") (the "Declaration"). No interested party objected to the request for judicial notice and admission of the Declaration into evidence.

Upon consideration of the foregoing, for reasons orally assigned in open Court and on the record, the record of this case, including, but not limited to, the Declaration and the Chapter 11 Ballot Tabulation (ECF No. 175) (the "Tabulation"), and applicable law, the Court determined to confirm the Plan. The Court hereby issues these *Findings of Fact and Conclusions of Law in Support of the Order Confirming Plan of Reorganization Filed by Mr. Camper, LLC Dated November 22, 2019, as Immaterially Modified on March 27 and April 6, 2020* (the "Findings and Conclusions") to supplement the oral finding made in open Court. Accordingly, the Court finds and concludes as follows:

1.  **Jurisdiction**. This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1408. Confirmation of the Plan is a "core" proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

2.  **Notice**. The *Disclosure Statement in Support of Plan of Reorganization Filed by Mr. Camper, LLC Dated November 22, 2019, as Immaterially Modified on March 27 and April 6, 2020* (the "Disclosure Statement") (ECF No. 167) and the Plan were transmitted and served in compliance with the Bankruptcy Rules and this Court's orders, and service thereof was adequate and sufficient to satisfy due process. All parties, including, without limitation, those taxing authorities, attorneys general, and other governmental units entitled to notice of the hearing to consider confirmation of the Plan and the deadline for submitting ballots and filing and serving objections to confirmation of the Plan, received adequate notice of the Plan and the confirmation

hearing in accordance with the Bankruptcy Rules and have had an ample opportunity to appear and be heard with respect thereto. No other or further notice is necessary or required.

3. **Judicial Notice**. This Court takes judicial notice of the docket maintained in this Chapter 11 case by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Court in this Chapter 11 case.

4. **Compliance with the Applicable Provisions of the Bankruptcy Code**. The Debtor has met its burden of proving the elements required under the Bankruptcy Code for confirmation of the Plan by a preponderance of the evidence.

5. **The Plan Complies with Section 1129(a)(1)**. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

6. **Proper Classification of Claims and Equity Interests**. The Plan designates eight (8) classes of claims and equity interests against the Debtor. The claims or equity interests placed in each class are substantially similar to other claims or equity interests, as the case may be, in such class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and equity interests created under the Plan, and such classes do not unfairly discriminate among holders of claims or equity interests. For example, the Debtor placed the claim of Leisure Systems, Inc. ("LSI") in Class 6. Although LSI has an unsecured claim, the Debtor appropriately classified LSI separately because LSI is the Debtor's Yogi Bear/Jellystone franchisor, and the Class 6 claim of LSI relates to the curing of pre-petition monetary defaults under the parties franchise agreement. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

7. **Specification of Unimpaired Classes**. The Plan specifies that Classes 2, 3, 4, 5, and 8 are unimpaired under the Plan and are deemed to have accepted the Plan, thereby satisfying

11 U.S.C. § 1123(a)(2) of the Bankruptcy Code. The Court notes that no party-in-interest objected to the designation of these classes of claims as unimpaired.

8. **Specification of Treatment of Impaired Classes**. The Plan designates Classes 1, 6 and 7 as impaired and specifies the treatment of claims in those classes, thereby satisfying 11 U.S.C. § 1123(a)(3). The Court observes that each of these classes voted to accept confirmation of the Plan.

9. **Equal Treatment Within Classes**. The Plan provides for the same treatment for each claim or equity interests in a particular class unless the holder of a particular claim or equity interests in such class has agreed to a less favorable treatment of its claim or equity interests, thereby satisfying 11 U.S.C. § 1123(a)(4).

10. **Implementation of Plan**. The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

11. **Non–Voting Securities**. The Plan provides for the continuation of all membership interests, all of which shall be voting interests, and therefore 11 U.S.C. § 1123(a)(6) is deemed satisfied.

12. **Selection of Management**. The Plan provides, as of the effective date, that Maurice Leblanc will serve as the manager of the reorganized Debtor. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1123(a)(7).

13. **Rule 3016(a)**. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).

14. **Additional Plan Provisions**. The provisions of the Plan are appropriate and not inconsistent with all other applicable provisions of the Bankruptcy Code.

15. **The Plan Complies with Section 1129(a)(2)**. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

16. **Proper Debtor and Plan Proponents**. The Debtor is the proper debtor pursuant to 11 U.S.C. § 109 and the proper proponent of the Plan pursuant to 11 U.S.C. § 1121(c).

17. **Compliance with Applicable Bankruptcy Code Provisions**. The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

18. **Compliance with Solicitation Requirements**. The Debtor has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in transmitting the solicitation materials and in soliciting and tabulating votes on the Plan.

19. **Plan Proposed in Good Faith**. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the commencement of this Chapter 11 case and the arms-length negotiation between the Debtor and Apex Bank related to the formulation of the Plan. This Chapter 11 case was filed and the Plan was proposed with the legitimate and honest purposes of reorganizing the Debtor's debt structure. The Plan reflects the results of these negotiations and is reflective of the interests of all of the Debtor's estate's constituencies. Moreover, the Debtor kept the S.B.A. and the U.S. Trustee informed throughout the Plan negotiation process. By all definitions, the Plan was proposed in good faith.

20. **Payments for Services or Costs and Expenses**. Except as otherwise provided or permitted by the Plan, any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Chapter 11 case, or in connection with the Plan and incident

to this Chapter 11 case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

21. **Directors, Officers, and Insiders**. The Debtor has complied with 11 U.S.C. § 1129(a)(5). The Debtor has disclosed that Maurice and Myra Leblanc will continue to be the Debtor's member and that Maurice Leblanc will continue to serve as the Debtor's manager. Given that Maurice Leblanc and/or his family have owned and operated the Debtor for several decades, his continued management of the Debtor is appropriate under the circumstances.

22. **No Rate Changes**. The Plan does not propose any rate changes that are subject to governmental regulation. Thus, 11 U.S.C. § 1129(a)(6) is not applicable and is deemed satisfied.

23. **Best Interests of Creditors**. The Plan satisfies 11 U.S.C. § 1129(a)(7) as each holder of a claim or equity interest in an impaired class either has accepted the Plan or will receive or retain under the Plan, on account of such claim or equity interests, property of a value, as of the effective date of the Plan, that is not less than the amount that it would receive if the Debtor were liquidated pursuant to Chapter 7 of the Bankruptcy Code.

24. **Treatment of Administrative Claims**. The Plan's treatment of allowed administrative expense claims satisfies the requirements of 11 U.S.C. § 1129(a)(9). Except to the extent any entity entitled to payment of any allowed administrative expense claim agrees to a different treatment, the Plan provides that each holder of an allowed administrative expense claim will receive cash in an amount equal to such allowed administrative expense claim on the later of (A) the effective date of the Plan or (B) as soon as the administrative expense claim is allowed by final order of the Court. These administrative expense claims include claims for the Debtor's attorneys' fees and U.S. Trustee's fees.

25. **Acceptance of at Least One Impaired Class**. The Plan satisfies 11 U.S.C. § 1129(a)(10). There are three (3) impaired classes under the Plan, each of which voted to accept the Plan. The Debtor did not receive any ballot rejecting the Plan. The other classes, 2, 3, 4, 5, and 8, are deemed to accept the Plan because they are unimpaired. Each class has accepted the Plan. Thus, at least one of the impaired classes of claims with the right to vote to accept or reject the Plan has voted to accept the Plan and has accepted the Plan in requisite numbers and amounts without the need to include any acceptance of the Plan by any insider.

26. **Feasibility**. The Plan satisfies 11 U.S.C. § 1129(a)(11) because, as evidenced by the Declaration, confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization. Thus, the Plan presents a workable framework of reorganization and there is a reasonable probability that the provisions of the Plan will be performed. The Plan is found and determined to be feasible.

27. **Payment of Certain Fees**. All fees payable on or before the effective date under 28 U.S.C. § 1930 either have been paid or will be paid on the effective date. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

28. **Principal Purpose**. The principal purpose of the Plan is neither the avoidance of taxes nor of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, *et seq*. The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

29. **Good Faith Solicitation**. Based upon the record before the Court, the Debtor and its respective manager, members, attorneys, and other professionals have acted in good faith with respect to, and in compliance with, applicable provisions of the Bankruptcy Code in soliciting votes on the Plan and such solicitation is hereby determined to have been in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the foregoing are entitled

to the protections afforded by 11 U.S.C. § 1125(e). The Court also finds and concludes that the Debtor and Apex Bank, through respective counsel, negotiated in good faith a resolution to Apex Bank's claim(s).

30. **Satisfaction of Confirmation Requirements**. The Plan satisfies all requirements for confirmation set forth in 11 U.S.C. § 1129(a).

31. **Retention of Jurisdiction**. The Court finds and concludes that it may properly retain jurisdiction over, *inter alia*, the matters set forth in the Plan.

32. **Objections**. Apex Bank and the S.B.A are the two largest creditors in this Chapter 11 case. Neither Apex Bank nor the S.B.A. filed an objection to confirmation of the Plan. In fact, Apex Bank, the Debtor's single largest creditor, voted to accept the Plan. Any objections to confirmation that could have been filed are deemed waived, overruled and/or denied.

33. **Cramdown**. All of the requirements of 11 U.S.C. § 1129(a) are either satisfied or not applicable, the Court does not need to determine if the Plan discriminates unfairly or is fair and equitable. The Court finds and concludes that confirmation of the Plan under 11 U.S.C. § 1129(b) is not necessary.

34. The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and Conclusions that supplement the Plan.

35. Sufficient cause exists to abrogate the stay of the effect of this Confirmation Order in accordance with Bankruptcy Rule 3020(e).

36. The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent any findings of fact constitute

conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

New Orleans, Louisiana, June 8, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

Submitted by:

**STERNBERG, NACCARI & WHITE, LLC**

By: **s/ Ryan J. Richmond**
Ryan J. Richmond (La. Bar No. 30688)
17732 Highland Road, Suite G-228
Baton Rouge, LA 70810
Tel. (225) 412-3667
Fax (225) 286-3046
ryan@snw.law

AND

**GERDES LAW FIRM, LLC**

By: **s/ Markus E. Gerdes**
Markus E. Gerdes (LBR# 30517)
106 North Cypress Street
P.O. Box 2862
Hammond, LA 70404
(985) 345-9404 Phone
(985) 543-0434 Fax
Markus@gerdeslaw.net

*Co-Counsel for Mr. Camper, LLC d/b/a Yogi Bear's Jellystone Park Camp Resort*